

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/7/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE CLEMENTINE COMPANY LLC. d/b/a THE THEATER CENTER and WEST END ARTISTS COMPANY d/b/a THE ACTORS TEMPLE,

                                        Plaintiffs,

        -against-

ERIC ADAMS, in his Official Capacity as Mayor of the City of New York,

                                        Defendant.

---

No. 21-cv-7779

**MEMORANDUM DECISION AND ORDER DISMISSING PLAINTIFFS' COMPLAINT**

McMahon, J.:

A year ago, Plaintiffs brought this case challenging the constitutionality of the New York City vaccine mandate – the "Key to NYC" – which required "covered entities," including theatres and comedy clubs like Plaintiffs, to check the vaccination status of their patrons and staff. (Dkt. Nos. 1, 7). Plaintiffs sought declaratory and injunctive relief, as well as nominal damages for the alleged violations of their First and Fourteenth Amendment rights.

Plaintiffs also sought a preliminary injunction halting enforcement of the Key to NYC, which this Court denied on the grounds that Plaintiffs did not have standing and were unlikely to succeed on the merits of their claims ("PI Decision"). *See Clementine Company LLC. et al. v. de Blasio*, No. 21-cv-7779, 2021 WL 5756398 (S.D.N.Y. Dec. 3, 2021). Plaintiffs appealed.

Thereafter, the Key to NYC was repealed, and the Second Circuit dismissed Plaintiffs' the appeal of the PI Decision as moot.

Plaintiffs maintain that their challenge to the Key to NYC is not moot. (*See* Dkt. No. 50).

I disagree. Plaintiffs' claims are moot, and the complaint is dismissed.

## BACKGROUND

The Court refers the reader to its December 3, 2021 decision denying Plaintiffs' motion for a preliminary injunction for the full factual background of this case. (Dkt. No. 34); *see Clementine Company LLC. et al. v. de Blasio*, No. 21-cv-7779, 2021 WL 5756398 (S.D.N.Y. Dec. 3, 2021).

Relevant for the purposes of this decision, a new mayor of New York City – Eric Adams – was sworn in on January 1, 2022. On March 4, 2022, Mayor Adams issued an executive order ending the Key to NYC mandate challenged in this case. The mandate expired on March 7, 2022. *See* E.E.O. 50 (Mar. 4, 2022). Mayor Adams offered as rationales for ending the Key to NYC mandate both the "significantly reduced incidence of COVID-19 in the City of New York" and the fact that "96 percent of New York City adult residents . . . have received at least one does of a COVID-19 vaccine." *Id.*

Subsequently, the Second Circuit dismissed Plaintiffs' appeal of the PI Decision as moot. This Court then ordered the Plaintiffs to show cause why the claims in the FAC should not also be dismissed as moot given that the Key to NYC is no longer in force. (Dkt. No. 49).

## DISCUSSION

Plaintiffs argue that the claims asserted in the FAC are not moot under the voluntary cessation exception to the mootness doctrine because the "unlawful conduct is likely to recur." (Dkt. No. 50 ("OTSC Resp."), at 2). They argue that the Mayor has merely "paused enforcement" of the Key to NYC mandate but could easily reinstate it with any resurgence of COVID-19. (*Id.* at 1, 4). Plaintiffs also claim they have a live claim for nominal damages for the alleged violation of their First and Fourteenth Amendment rights during the time that the Key to NYC was in effect. (*Id.* at 10).

For the following reasons, the Court disagrees. Plaintiffs' claims for declaratory and injunctive relief are moot, no exceptions to the mootness doctrine apply, and Plaintiffs' claim for nominal damages fail to save this action because Plaintiffs lack standing.

A. **The Plaintiff's Claims Are Moot and No Exception to the Mootness Doctrine Applies.**

"Article III of the Constitution limits federal-court jurisdiction to 'cases' and 'controversies.'" *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016) (quoting U.S. Const., Art. III, § 2). "'If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot.'" *Id.* at 160-161 (quoting *Genesis Healthcare Corp.*, 569 U.S. 66, 72 (2013) (internal quotations omitted). "A case becomes moot . . . 'when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Id.* at 161 (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012)); *see N.Y. State Rifle & Pistol Ass'n, Inc. v. City of New York*, 140 S. Ct. 1525, 1526 (2020) (per curiam) (claim moot where law was amended to give "the precise relief that [the plaintiffs] requested").

Since the Key to NYC expired, numerous courts in this circuit have dismissed lawsuits challenging the mandate as moot. *See Remauro v. Adams*, No. 21-CV-4553, 2022 WL 1525482 (E.D.N.Y. May 13, 2022) (holding that constitutional challenge to the "Key to NYC" brought by patrons of covered entities was moot upon the mandate's expiration); *Commey v. Adams*, No. 22-CV-0018, 2022 US Dist LEXIS 143854 (S.D.N.Y. Aug. 11, 2022) (dismissing constitutional challenge to "Key to NYC" by unvaccinated prospective patron of covered entities as moot). Likewise, the Second Circuit has repeatedly dismissed appeals of decisions related to the Key to NYC as moot – including Plaintiffs' appeal in this case. *See also Dixon v. DeBlasio*, No. 21-2666, 2022 WL 961191, at *1 (2d Cir. Mar. 28, 2022) (granting a motion to dismiss the appeal of the

denial of a preliminary injunction as moot after "Key to NYC" mandate expired); *and see Dark Storm Indus. LLC v. Hochul*, No. 20-CV-2725, 2021 WL 4538640 (2d Cir. Oct. 5, 2021) (holding that constitutional challenge to COVID-19-related executive orders that were later rescinded was moot). The same result follows here. As Defendant points out, Plaintiffs can no longer receive effectual relief from this Court because they have already received the relief sought – they need no longer check the vaccination status of individuals who purchase tickets to indoor, live performances at the venues they own. Accordingly, their claims seeking declaratory and injunctive relief are moot. *See Remauro*, 2022 WL 1525482, at *3 ("'Put simply, [this Court] cannot enjoin what no longer exists.'") (quoting *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 393 (2d Cir. 2022)).

No exception to the mootness doctrine applies. "It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quotation and citation omitted). However, "The voluntary cessation of allegedly illegal activities will usually render a case moot if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Mhany Mgmt., Inc. v. County of Nassau*, 819 F.3d 581, 603 (2d Cir. 2016). "A defendant satisfies its burden where it shows that the possibility of recurrence is merely 'speculative.'" *Dark Storm Indus. LLC*, 2021 WL 4538640, at *1 (quoting *Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 88 (2d Cir. 2005)).

Here, Plaintiffs argue that the "voluntary cessation" exception applies because the "unlawful conduct is likely to recur" (OTSC Resp., at 2). They argue that the Key to NYC mandate *could be* reinstated with the next resurgence of COVID-19. (*Id.* at 1, 4). Defendant points out that

4

not only is Plaintiffs' argument speculative, it is unlikely that the Key to NYC mandate would be reinstated because "the goal it was intended to further has largely been met." (Dkt. No. 51, at 7). Specifically, the Key to NYC mandate's goal was to "raise the vaccination levels in the City . . . particularly among young adults who now have a vaccination rate of over 96%." (*Id.*); *see also Clementine*, 2021 WL 5756398, at *4 ("the government's mandate was imposed with the 'reasonable and rational' goal of 'increase[ing] vaccination rates by requiring vaccination to engage in entertainment activities.'"). Given the fact that vaccination rates in New York City have now reached 96%, together with the change in administration and a continual reduction in COVID-19 rates in the City, the Court agrees that Defendants have shown that there is no reasonable expectation that the mandate will be re-imposed, and any possibility of recurrence is only speculative. Plaintiffs' arguments to the contrary are unpersuasive.

Plaintiffs' claims for declaratory and injunctive relief are moot.

**B. Plaintiffs' Request for Nominal Damages Does Not Save Their Claims.**

Plaintiffs argue that they have a live claim for nominal damages for the alleged violation of their First and Fourteenth Amendment rights during the time that the Key to NYC was in effect. They argue that because they requested nominal damages in their prayer for relief, their claims are not moot.

Plaintiffs rely on *Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021) in support. In *Uzuegbunam v. Preczewski*, the Supreme Court concluded that where a plaintiff "sues over a completed injury and establishes the first two elements of standing (injury and traceability)," that plaintiff can establish the third element of standing – redressability – with a request for nominal damages. *Id.* at 797, 802. But this case is unlike *Uzuegbunam* because Plaintiffs have not established the first element of standing – injury. As this Court explained in-depth in the PI

5

Decision, Plaintiffs have "allege[d] no injury in fact to themselves" and "do not allege any of the elements of associational standing." *See Clementine*, 2021 WL 5756398, at *6-11. At the pleading stage, Plaintiffs bear the burden of "alleg[ing] facts that affirmatively and plausibly suggest that [they] have standing to sue." *Carter v. HealthPort Technologies, LLC*, 822 F.3d 47, 56 (2d Cir. 2016). Because Plaintiff have failed to allege injury an injury-in-fact to themselves – only to potential audience members – their reliance on *Uzuegbunam* regarding redressability is irrelevant. The Court does not need to reach the redressability element of standing, as there is no injury-in-fact plead. The Court refers the reader to its PI Decision for a full discussion of its rationale for its finding that Plaintiffs lack standing to pursue their claim.

The Court adds that the Defendants have also moved to dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on two grounds: lack of standing and failure to state a claim.  (*See* Dkt. No. 38). The Court agrees that the Plaintiffs lack standing for the reasons explained in its PI decision, *see Clementine*, 2021 WL 5756398, at *5-16, and for that reason, Defendants' motion would be granted. To the extent Plaintiffs attempt to keep their now-moot claims alive by their prayer for nominal damages, that attempt is rejected.

Plaintiffs' claims are dismissed.

## CONCLUSION

The Clerk of Court is respectfully directed to close the case.

This constitutes the decision and order of the Court. It is a written opinion.

Dated: September 7, 2022

_____
U.S.D.J.

BY ECF TO ALL COUNSEL